IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Debbie Ann Anderson, ) | |
| ) | Civil Action No. 5:15-cv-03110-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Petitioner Debbie Ann Anderson ("Petitioner") filed this action seeking a judicial review of the final decision by the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) The matter is before the court for review of the Report and Recommendation ("Report"), filed on October 12, 2016, recommending that this court affirm the Commissioner's final decision that denies Plaintiff's claim for Disability Insurance Benefits ("DIB"). (ECF No. 23). For the reasons set forth below, the court **ACCEPTS** the Report and **AFFIRMS** the final decision of the Commissioner that denies Plaintiff's claim for DIB.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. Thus, the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The Social Security Act establishes an administrative scheme wherein the federal judiciary's role is limited. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek,* 438 F.2d at 1157-58. This court adheres to that responsibility and considers the record, the Report, and any objections in this case.

Petitioner was advised of her right to file specific written objections to the Report within fourteen (14) days of the date of service or by October 31, 2016. (ECF No. 23-1 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, the court observes that Petitioner failed to file an objection before the required deadline.

In the absence of a timely objection to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Report (ECF No. 23), and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

November 14, 2016
Columbia, South Carolina